HEARD APRIL TERM, 1872.

## BURRIS vs. WHITNER.

Objection to the competency of oral evidence must be made at the trial when the evidence is offered. It is too late to make it, for the first time, by exception to the judgment.

Suit by the payee to recover, from the executrix of a deceased partner, the amount due on a promissory note signed by the other partner in the name of the firm after its dissolution. The note sued on was a renewal, and the consideration of the original note was money borrowed by the firm from the payee: *Held*, That whether the renewal bound the firm or not, the plaintiff was entitled to recover.

Whether a creditor had notice of the dissolution of the firm before taking a renewal note from one partner, is a question of fact upon which the finding of the Circuit Judge in a "case of Chancery" will not be reversed, where the proof of error is not clear.

BEFORE ORR, J., AT ANDERSON, SEPTEMBER TERM, 1870.

Appeal from the judgment of the Circuit Judge in a "case of Chancery," and his order therein refusing a motion for a new trial.

The case was as follows: Joseph N. Whitner and L. A. Osborn were partners, under the firm name of Whitner & Osborn, in the business of tanning leather in the village of Anderson. Whitner died in 1864, and the defendant, E. H. Whitner, is his executrix. Osborn died in 1866, insolvent and intestate.

In 1857, the firm borrowed $200 from Reuben Burris, the plaintiff, and to secure its payment, gave him the promissory note of the firm, payable with interest. The transaction was with Osborn, who attended to the business of the firm, and the note was signed by him. The note was renewed in January, 1859, and again on the 8th January, 1861. On each occasion the renewal note was signed by Osborn, in the name of the firm, Whitner being absent. The firm was dissolved by consent on the 5th January, 1859, and notice of the dissolution was published in the Anderson Gazette, a newspaper published in the village of Anderson.

The suit was brought by petition in Equity, to recover the amount due on the renewal note of the 8th January, 1861, and the only witness who testified as to the transactions between Burris and Osborn and the consideration of the note was Burris himself. His evidence was heard without objection. Burris further testified that he was a subscriber to the Anderson Gazette at the time the notice of dissolution was published therein, and that he generally read the

paper, but he denied that he had any notice or knowledge of the dissolution of the firm before the death of Whitner.

The facts above stated were found by the presiding Judge, and he rendered judgment for the plaintiff for the amount of the note, with interest and costs.

The defendant moved for a new trial on exceptions, which, as set forth in the brief, were substantially as follows:

1. That Burris had legal notice of the dissolution of the partnership, and the presiding Judge erred in holding the contrary.

2. That Burris was an incompetent witness, as to the transactions between himself and Osborn; that his evidence as to those transactions should have been excluded from consideration by the Judge, and as the judgment rests solely and entirely upon such evidence, it is erroneous, and should be reversed.

His Honor denied the motion, and assigned his reasons as follows:

"The motion for a new trial in this case was heard on grounds, all of which may be resolved into the single one, that the decree heretofore rendered in this case was predicated upon testimony which is declared incompetent in the proviso to Section 415 of the Code.

"The plaintiff, Reuben Burris, was examined as a witness, and the facts proven by him, and upon which the decree was founded, were "transactions and communications" between the witness and persons deceased at the time of his examination, and were not competent under the Code.

"But no objection was made at the hearing to receiving the testimony, and it could only have been rejected by the Court volunteering an objection. Such an interposition could not be regarded ordinarily otherwise than an impertinent interference, and as the counsel made no objection to the competency of the testimony of Burris, on the above facts, it was received by the Court and duly weighed in making up the decree.

"Can the motion for a new trial be granted now, because of the incompetent testimony thus received? I think not. If incompetent testimony is offered, it should be objected to at the trial and when presented; if received without objection, the objection is 'considered as waived,' and can furnish no ground for a new trial.—*Richardson* vs. *Provost*, 4 Strob., 59. The principle in this case is also announced in the case of *Turner* vs. *Peuk*, 1 T. R , 717.

"I have not been able to find a single case in English or Ameri-

can authorities sustaining the motion for a new trial in this case. The motion is dismissed."

The defendant appealed on the grounds taken in her exceptions.

*Trescot*, for appellant.

*Mc Gowan & Moore*, contra.

Aug. 31, 1872.   The opinion of the Court was delivered by

WILLARD, A. J.   The conclusion of the Circuit Judge, as affecting the competency of testimony of the plaintiff is free from objection.   An objection raised to the testimony of a party, under Section 415 of the Code, is to be treated as on the same footing with all other objections going to competency.   The practice, as established, is correctly stated by the Circuit Judge.   In order to bring before this Court a question of competency as affecting testimony, it is necessary that the objection should have been taken in time upon the trial, and that such fact should appear by a proper exception.

The time to object to the incompetency of a witness to speak as to any particular matter, is when the testimony is offered.   It would be unfair to allow a party to postpone his objection as to competency until after the testimony has been given, for in that case he would be enabled to retain the evidence if it enured to his advantage, and to exclude it if it made against him.   Such speculative advantages are discountenanced by the Courts.

The first ground of appeal is not well taken, for the case did not wholly depend on the authority of Osborn to subscribe the name of Whitner to the renewal note.   The consideration of that note was a partnership debt, and that was in itself sufficient to support the plaintiff's demand.

The question of notice of the dissolution was one of fact, and could only be determined inferentially and probably, owing to the character of the testimony offered.   Such an inference it is peculiarly the province of the Judge who tries the question of fact to determine.   And as there is no clear proof to contradict his conclusion, and it is not made to appear that he has violated any rule of law applicable to such an inquiry, there is no ground to disturb his conclusion.

The appeal should be dismissed.

*Wright*, A. J., concurred.   *Moses*, C. J., absent at the hearing.